UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

THOMASINA KIMBROUGH,

         Plaintiff,

    -against-

CAROLYN COLVIN, *Acting Commissioner of the Social Security Administration*,[1]

         Defendant.

------------------------------------------------------------------X

**20-CV-6785 (AT) (VF)**

**OPINION & ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge.**

   On August 24, 2020, Plaintiff Thomasina Kimbrough filed the instant action against the Commissioner of Social Security ("the Commissioner"), seeking an award of benefits or a remand to the Social Security Administration for further administrative proceedings pursuant to 42 U.S.C. § 406(g). ECF No. 1 at ¶ 11. On February 23, 2023, Plaintiff passed away. ECF No. 43 at ¶ 12; ECF No. 43-4 at 2. Plaintiff's mother, Ora Kimbrough ("Ms. Kimbrough"), now moves to substitute herself as plaintiff in this action pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is **DENIED** without prejudice.

## BACKGROUND

   On October 25, 2016, Plaintiff filed an application for disability benefits under Title II of the Social Security Act for a disability that began on September 27, 2015. ECF No. 19 at 17. On May 2, 2019, Plaintiff's application was denied following a hearing before an Administrative

---

[1] The named defendant when this action commenced was the "Commissioner of the Social Security Administration." On November 30, 2024, Carolyn Colvin became the Acting Commissioner of the Social Security Administration. Therefore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Colvin is substituted as the defendant in this suit. See Fed. R. Civ. P. 25(d) (permitting automatic substitution of a party who is a public official sued in her official capacity when the public official "ceases to hold office" while a suit is pending).

1

Law Judge ("ALJ"). Id. at 17-27. Plaintiff filed a request for review with the Appeals Council, and her request was denied on May 11, 2020. Id. at 5. The denial made the ALJ's decision a "final decision" of the Commissioner that was eligible for judicial review pursuant to 42 U.S.C. § 405(b).

On August 24, 2020, Plaintiff filed the instant action, seeking an award of benefits or a remand to the Social Security Administration for further administrative proceedings pursuant to 42 U.S.C. § 406(g). ECF No. 1 at ¶ 11. On March 14, 2022, the Honorable Debra A. Freeman recommended that Plaintiff's motion for judgment on the pleadings be granted. ECF No. 28 at 1. On March 29, 2022, the Honorable Analisa Torres adopted the report and recommendation and remanded the matter to the Social Security Administration for further proceedings. ECF No. 37.

On February 23, 2023, Plaintiff passed away. ECF No. 43 at ¶ 12; ECF No. 43-4. On March 17, 2023, Ms. Kimbrough submitted to the Social Security Administration a "Notice Regarding Substitution of Party Upon Death of Claimant." ECF No. 41-2 at 2. Ms. Kimbrough subsequently was substituted for the Plaintiff for the remainder of the administrative proceedings before the Social Security Administration. ECF No. 43 at ¶ 12; ECF No. 43-6 at 5.

On January 30, 2024, following a hearing, an ALJ issued a Notice of Decision finding Plaintiff disabled and entitled to benefits. ECF No. 43 at ¶ 13; ECF No. 43-6 at 1. In a Notice of Award dated to March 10, 2024, the Commissioner set forth the benefits payable to Ms. Kimbrough on behalf of Plaintiff, awarding Ms. Kimbrough past-due disability benefits in the amount of $195,514. ECF No. 43-7 at 1, 4. The Commissioner noted that the Social Security Administration had withheld 25% of this total—$48,878.50—for Plaintiff's attorneys' fees. Id. at 6.

On April 4, 2024, Ms. Kimbrough filed in this Court a Suggestion of Death Upon the Record under Rule 25(a)(1) and the instant motion for substitution, attaching a copy of Plaintiff's death certificate and the administrative substitution form submitted to the Social Security Administration. ECF Nos. 41, 41-1, 41-2. On April 5, 2024, Ms. Kimbrough also filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b). See ECF Nos. 42-44. Although the Commissioner filed a response to Ms. Kimbrough's motion for attorney's fees on April 18, 2024, the Commissioner did not address Ms. Kimbrough's motion to substitute. See ECF No. 46.

## LEGAL STANDARD

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). As is plain from the rule, "a motion for substitution must be made within 90 days after the service of a statement noting the death." Chassman v. Zerihun, No. 15-CV-4869 (GHW), 2017 WL 892346, at *2 (S.D.N.Y. Mar. 6, 2017). In addition to being timely, to obtain substitution under Rule 25(a)(1), "the claims must survive the decedent's death" and "the party sought to be substituted for the decedent must be a proper party." Biatiu v. Specialized Loan Servicing LLC, No. 19-CV-822 (RA), 2019 WL 5448702, at *1 (S.D.N.Y. Oct. 24, 2019) (citation and internal quotation marks omitted); Honeedew Investing LLC v. Abadi, No. 19-CV-8951 (JPC) (VF), 2024 WL 3409026, at *1 (S.D.N.Y. July 15, 2024) (same). Under Rule 25, a proper party for substitution "is either (1) a successor of the deceased party—a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party—a person lawfully designated by state

authority to represent the deceased's estate." Herrera-Castro v. Trabajamos Cmty. Head Start, Inc., No. 15-CV-9286 (HBP), 2017 WL 549584, at *1 (S.D.N.Y. Jan. 30, 2017) (citation and internal quotation marks omitted). If the motion is timely, the claims survive the decedent's death, and the party sought to be substituted is a proper party, then "it is within the Court's discretion to grant the motion" for substitution. Biatiu, 2019 WL 5448702, at *1 (citations omitted).

## DISCUSSION

1. Timeliness of Plaintiff's motion

To trigger the 90-day period, the statement of death must be formally served on the relevant parties. See Perlow v. Comm'r of Soc. Sec., No. 10-CV-1661 (SLT), 2010 WL 4699871, at *1 (E.D.N.Y. Nov. 10, 2010). On April 4, 2024, Ms. Kimbrough filed a Suggestion of Death Upon the Record under Rule 25(a)(1), along with a motion requesting substitution. See ECF No. 41. Because the instant motion for substitution was filed contemporaneously with the notice of death, the motion is timely. Perlow, 2010 WL 4699871, at *1 (concluding that motion for substitution was timely were death certificate and motion were contemporaneously filed).

2. Survival of Plaintiff's claims

A party can be substituted only when the plaintiff's claim has "not been extinguished" by death. Fed. R. Civ. P. 25(a)(1). To determine whether a Plaintiff's claim survives the Plaintiff's death, courts look "first to whether the statute under which plaintiff is suing contains a 'specific directive' regarding the survival of plaintiffs' claim in the event of the claimant's death." Worrell v. Colvin, No. 12-CV-3386 (ENV) 2013 WL 3364373, at *1 (E.D.N.Y. July 3, 2013) (quoting Perlow, 2010 WL 4699871, at *1). The Social Security Act expressly provides for payment to survivors or heirs, including the parent of a claimant, when the claimant dies before any past-due

4

benefit is paid. See 42 U.S.C. § 404(d). Therefore, Plaintiff's claim for past-due benefits survives her death. See Perlow, 2010 WL 4699871, at *1 (concluding that claim for unpaid social security benefits survived claimant's death).

### 3. Proposed party for substitution

A "proper party" for substitution may be either "'a representative of the deceased party's estate' or a 'successor of the deceased party.'" Adler v. Bank of America, N.A., No. 13-CV-4866 (VB), 2015 WL 2330171, at *2 (S.D.N.Y. Mar. 24, 2015) (quoting Garcia v. City of N.Y., No. CV 8-2152 (RRM) (MDG), 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009)). Courts typically look to state law to determine whether a person is a proper "successor or representative" of the decedent. See Garcia, 2009 WL 261365, at *1 ("Whether a person is a proper 'successor or representative' of the decedent is determined by New York law."). A representative is a person "lawfully designated by state authority to represent the deceased's estate." Roe v. City of New York, No. 00-CV-9062 (RWS), 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003) (internal citation and quotation marks omitted). Under New York law, a "'representative is a person who has received letters to administer the estate of a decedent.'" Thomas v. Ortiz, No. 14-CV-7513 (ARR) (JLC), 2024 WL 2816000, at *2 (E.D.N.Y. June 3, 2024) (quoting N.Y. Est. Powers and Trusts § 1-2.13). A representative is "usually the appointed administrator or executor of the decedent's estate." Greis v. Comm'r of Soc. Sec., No. 19-CV-815, 2019 WL 6211088, at *1 (W.D.N.Y. Nov. 21, 2019). A successor is a distributee of the decedent's estate where the estate has been distributed, without being filed for probate, at the time the motion for substitution is made. See Garcia, 2009 WL 261365, at *1. However, "where the plaintiff die[s] destitute, a party who is seeking substitution as a successor and who is not also a representative of the plaintiff's estate need not show that the estate has been distributed before serving as a substitute, as there

5

would not be any estate to distribute." Herrera-Castro, 2017 WL 549584, at *1 (internal citation omitted).

Here, Ms. Kimbrough has not demonstrated that she is a proper party to be substituted for Plaintiff because she has not submitted evidence sufficient to show that she is a representative of Plaintiff's estate or a successor of Plaintiff. In support of her motion, Ms. Kimbrough submitted Plaintiff's death certificate, as well as the administrative substitution form submitted to the Social Security Administration. ECF Nos. 41-2, 41-3. The death certificate is sufficient to show that Plaintiff is deceased, that she is not survived by a spouse, and that Ms. Kimbrough is Plaintiff's mother. See ECF No. 41-2 at 2; Cielesz v. Kijakazi, No. 23-CV-115 (MPS), 2023 WL 11841468, at *2 (D. Conn. Mar. 1, 2023) (finding that the submission of a death certificate establishes that the proposed substituting party is claimant's mother and that he was not survived by a spouse). The administrative substitution form establishes that Ms. Kimbrough was appointed the substitute party throughout the course of the administrative proceedings and awarded benefits by the Social Security Administration on Plaintiff's behalf. See Perlow, 2010 WL 4699871, at *2; see also ECF No. 43-6 at 5 ("The claimant is deceased as of February 23, 2023. The claimant's mother, Ora Kimbrough, is the substitute party in this case."); ECF No. 43-7 at 1 (awarding benefits to Ora Kimbrough on behalf of Thomasina Kimbrough). However, neither of these documents, nor any other information contained in Ms. Kimbrough's filings, establish that she was appointed a representative of Plaintiff's estate, because they do not demonstrate that she was appointed administrator or executor.[2] See Ortiz, 2024 WL 2816000, at *2.

---

[2] Ms. Kimbrough's administrative substitution form contains a box where Ms. Kimbrough could have checked off that she was an "Administrator/Executor," but Ms. Kimbrough left the box blank. See ECF No. 41-2 at 2.

Ms. Kimbrough also has not shown that she is a successor of Plaintiff. First, Ms. Kimbrough has not established that she is a distributee of Plaintiff's estate by showing that Plaintiff's "estate has been distributed, or that [Plaintiff] died destitute." See Cielesz, 2023 WL 11841468, at *3 (quoting Perlow, 2010 WL 4699871, at *2). In addition, the documents submitted by Ms. Kimbrough do not indicate whether Plaintiff had any surviving children eligible for distributions under 20 C.F.R. § 404.503(b)(2). Cielesz, 2023 WL 11841468, at *3. Any surviving children would affect whether Ms. Kimbrough is a distributee of Plaintiff's estate. See e.g., Smith v. Gutierres, No. 21-CV-6086 (RA) (OTW), 2024 WL 4751247, at *2 (S.D.N.Y. Nov. 12, 2024) (explaining that parent seeking to be substituted for plaintiff "must provide proof that she is [p]laintiff's legal mother, and, if so, she must demonstrate how she is entitled to share in [p]laintiff's estate, because New York intestacy laws . . . provide that a surviving parent only stands to take or share in the estate if there are no living spouses or children") (emphasis removed). Accordingly, as Ms. Kimbrough has not submitted documentation sufficient to prove that she is a successor of Plaintiff or a representative of her estate, she has not shown that she is a "proper party" for substitution.

When a movant fails to establish that they are either a "representative or a successor" for purposes of substitution, courts generally permit the movant to submit additional documentation. See id. at *1-2 (permitting proposed substituting party to submit additional supporting documentation to establish that party is representative or successor of deceased party). Ms. Kimbrough's motion is therefore denied without prejudice, and she is granted leave to renew her

motion with additional supporting documentation to establish that she is a proper party for substitution. Ms. Kimbrough is directed to file a new motion on or before March 18, 2025.[3]

## CONCLUSION

For the reasons discussed herein, Ora Kimbrough's motion to substitute herself as Plaintiff in this action is **DENIED** without prejudice. Ms. Kimbrough is granted leave to file a renewed motion on or before **March 18, 2025**. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 41.

**SO ORDERED.**

DATED:    New York, New York
          December 18, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge

---

[3] As discussed, Plaintiff's motion for substitution was timely. Any new substitution motion would be beyond the 90-day period prescribed in Rule 25. Nevertheless, courts typically extend the deadline to file the substitution motion in circumstances such as this, where the initial motion was timely and the party is given leave to submit additional supporting documentation. See, e.g., Shapiro v. U.S., No. 7-CV-161 (PKL), 2008 WL 4302614, at *1 n.1 (S.D.N.Y. Sept. 17, 2008) (denying motion for substitution with leave to renew and granting an additional 90 days to file renewed motion, where initial motion was timely made but proposed party had "failed to provide information that demonstrate[d] that he is a proper party to the action"); Xianghe Cty. Yibang Furniture Co., Ltd. v. Liu, No. 20-CV-5267 (JS) (JMW), 2022 WL 20611752, at *2 n.2 (E.D.N.Y. June 24, 2022) (granting leave to renew and extending deadline by which to move for substitution). The Court thus extends Ms. Kimbrough's time to file such a motion by 90 days from the date of this order.