**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

THOMASINA KIMBROUGH,

                              Plaintiff,

                  -against-

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

------------------------------------------------------------------X

**20-CV-6785 (AT) (VF)**

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge.**

On April 4, 2024, Ora Kimbrough ("Ms. Kimbrough"), Plaintiff's mother, moved to substitute herself as plaintiff in this action pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure. ECF No. 41. On December 18, 2024, the Court denied Ms. Kimbrough's motion to substitute without prejudice, and directed Ms. Kimbrough to file a renewed motion by March 18, 2025. See ECF No. 47. On March 18, 2025, Ms. Kimbrough filed a renewed motion to substitute (ECF No. 49) and refiled a motion for attorney's fees (ECF No. 50).

Ms. Kimbrough's renewed motion to substitute fails to correct the deficiencies identified in the Court's December 18, 2024 order. As the Court explained then, a "proper party" for substitution may be either "'a representative of the deceased party's estate' or a 'successor of the deceased party.'" Adler v. Bank of America, N.A., No. 13-CV-4866 (VB), 2015 WL 2330171, at *2 (S.D.N.Y. Mar. 24, 2015) (quoting Garcia v. City of N.Y., No. 08-CV-2152 (RRM) (MDG), 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009)). Courts typically look to state law to determine whether a person is a proper "successor or representative" of the decedent. See Garcia, 2009 WL 261365, at *1 ("Whether a person is a proper 'successor or representative' of the decedent is determined by New York law."). A representative is a person "lawfully designated by state authority to represent the deceased's estate." Roe v. City of New York, No. 00-CV-9062 (RWS),

1

2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003) (internal citation and quotation marks omitted). Under New York law, a "'representative is a person who has received letters to administer the estate of a decedent.'" Thomas v. Ortiz, No. 14-CV-7513 (ARR) (JLC), 2024 WL 2816000, at *2 (E.D.N.Y. June 3, 2024) (quoting N.Y. Est. Powers and Trusts § 1-2.13). A representative is "usually the appointed administrator or executor of the decedent's estate." Greis v. Comm'r of Soc. Sec., No. 19-CV-815, 2019 WL 6211088, at *1 (W.D.N.Y. Nov. 21, 2019). A successor is a distributee of the decedent's estate where the estate has been distributed, without being filed for probate, at the time the motion for substitution is made. See Garcia, 2009 WL 261365, at *1. However, "where the plaintiff die[s] destitute, a party who is seeking substitution as a successor and who is not also a representative of the plaintiff's estate need not show that the estate has been distributed before serving as a substitute, as there would not be any estate to distribute." Herrera-Castro v. Trabajamos Cmty. Head Start, Inc., No. 15-CV-9286 (JSR), 2017 WL 549584, at *1 (S.D.N.Y. Jan. 30, 2017) (internal citation omitted).

Ms. Kimbrough's renewed motion includes only one change: an affidavit, which states that she is the mother of Plaintiff, that Plaintiff died intestate, that Plaintiff was a resident of New York at the time of her death, and that Plaintiff was never married and "not survived by any spouse or issue." ECF No. 49-2. This affidavit, however, is insufficient to establish that Ms. Kimbrough is a successor or representative of Plaintiff. To be a representative, Plaintiff must be "lawfully designated by state authority to represent the deceased's estate." Roe, 2003 WL 22715832, at *2. And to be a successor, under New York law, Ms. Kimbrough must establish to that she is: "(1) the primary beneficiary of an already distributed estate; (2) named in a will as the executor of the decedent's estate, even if the will is not probated, or (3) the primary beneficiary

of an unprobated intestate estate which need not be probated." Thomas, 2024 WL 2816000, at *2.

Although Ms. Kimbrough's affidavit confirms that Plaintiff died without a will and without a spouse or children, Ms. Kimbrough's affidavit fails to establish that she has been designated by state authority to represent Plaintiff's estate, that she is the primary beneficiary of an already distributed estate, or that she is the primary beneficiary of an unprobated intestate estate that does not need to be probated. And as previously explained, the administrative substitution form submitted by Ms. Kimbrough (ECF No. 49-3) establishes only that Ms. Kimbrough was appointed the substitute party in the course of the administrative proceedings and awarded benefits by the Social Security Administration on Plaintiff's behalf; it is insufficient to demonstrate that she was appointed a representative or successor of Plaintiff's estate under New York law.[1] See Perlow v. Comm'r of Soc. Sec., No. 10-CV-1661 (SLT), 2010 WL 4699871, at *2 (E.D.N.Y. Nov. 10, 2010) (noting that party was the substituted party in plaintiff's disability claim before the Social Security Administration but denying motion to substitute). Ms. Kimbrough could establish that she is a successor or representative of Plaintiff's estate if she submits proof that Plaintiff died destitute, such as an affidavit stating that Plaintiff died without assets and without outstanding debts such that there was no requirement that Plaintiff's estate be probated, or by submitting testamentary letters demonstrating that she was appointed administrator of the estate. See, e.g., Walsh v. Comm'r of Soc. Sec., No. 17-CV-5465 (WFK), 2022 WL 4079588, at *4 (E.D.N.Y. Sept. 6, 2022) (granting substitution motion where attorney affidavit stated that "Plaintiff died intestate and left no assets"); Thomas, 2024 WL

---

[1] Ms. Kimbrough's administrative substitution form contains a box where Ms. Kimbrough could have checked off that she was an "Administrator/Executor," but Ms. Kimbrough left the box blank. See ECF No. 49-3 at 2.

3

2816000, at *2 (granting motion to substitute where parents of plaintiff "established that [plaintiff] died intestate with no spouse and no children" and plaintiff "died without any assets and has no outstanding debts" so there was "no requirement that his estate be probated"); Nachshen v. BPP ST Owner LLC, No. 18-CV-10994 (JPC), 2021 WL 5042855, at *2 (S.D.N.Y. Oct. 29, 2021) (finding that proposed substituting party was "proper" where she submitted Limited Letters of Administration from Surrogate's Court to establish that she was lawfully designated by the state to represent the deceased's estate).

Without this information, the motion to substitute must be denied. See, e.g., Perlow, 2010 WL 4699871, at *2 (denying motion to substitute where party requesting substitution "has given no indication that she has been appointed as the representative of Plaintiff's estate, that the estate has been distributed, or that her husband died destitute"); Kim H. v. Comm'r of Soc. Sec., No. 20-CV-1165 (CJS), 2022 WL 3580125, at *2 (W.D.N.Y. Aug. 19, 2022) (denying motion to substitute where "although Movant's affidavits state that he is a distributee of Plaintiff's estate, he has provided no proof that Plaintiff's estate has been distributed" and does not "indicate that Plaintiff was destitute," "only that Plaintiff's personal property was worth less than $50,000, and list[s] three life insurance policies in the estate of unknown value"); Pryn v. Comm'r of Soc. Sec., No. 19-CV-62, 2020 WL 410055, at *2 (W.D.N.Y. Jan. 24, 2020) (denying motion to substitute where "[n]either counsel's affirmation, nor Mr. Pryn's affidavit, contain proof establishing that Mr. Pryn was granted testamentary letters of administration regarding the estate of his spouse," "that Mr. Pryn is a distributee of plaintiff's estate, or allege that plaintiff died destitute and that no formal estate proceeding has been initiated").

Ms. Kimbrough's motion is denied without prejudice, and she is granted leave to renew her motion with additional supporting documentation to establish that she is a proper party for

4

substitution. Ms. Kimbrough is directed to file a new motion on or before **May 29, 2026**.[2]

Plaintiff's motion for attorney's fees will be addressed once Ms. Kimbrough has established she

is the proper substituted party.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 49.

**SO ORDERED.**

DATED:    New York, New York
          May 1, 2026

_____
VALERIE FIGUEREDO
United States Magistrate Judge

---

[2] Any new substitution motion would be beyond the 90-day period prescribed in Rule 25. Nevertheless, courts typically extend the deadline to file the substitution motion in circumstances such as this, where the initial motion was timely and the party is given leave to submit additional supporting documentation. See, e.g., Shapiro v. U.S., No. 07-CV-161 (PKL), 2008 WL 4302614, at *1 n.1 (S.D.N.Y. Sept. 17, 2008) (denying motion for substitution with leave to renew and granting an additional 90 days to file renewed motion, where initial motion was timely made but proposed party had "failed to provide information that demonstrate[d] that he is a proper party to the action"); Xianghe Cty. Yibang Furniture Co., Ltd. v. Liu, No. 20-CV-5267 (JS) (JMW), 2022 WL 20611752, at *2 n.2 (E.D.N.Y. June 24, 2022) (granting leave to renew and extending deadline by which to move for substitution). The Court thus extends Ms. Kimbrough's time to file such a motion.