**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X

THOMASINA KIMBROUGH,

Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---------------------------------------------------------------X

**20-CV-6785 (AT) (VF)**

**REPORT & RECOMMENDATION**

**VALERIE FIGUEREDO, United States Magistrate Judge**

**TO: THE HONORABLE Analisa Torres, United States District Judge.**

On August 24, 2020, Plaintiff Thomasina Kimbrough filed the instant action against the Commissioner of Social Security ("the Commissioner"), seeking an award of benefits or a remand to the Social Security Administration for further administrative proceedings pursuant to 42 U.S.C. § 406(g). ECF No. 1 at ¶¶ 1, 11. On February 23, 2023, Plaintiff passed away. ECF No. 51 at ¶ 12; ECF No. 51-4 at 2. On April 4, 2024, Ora Kimbrough ("Ms. Kimbrough"), Plaintiff's mother, moved to substitute herself as plaintiff in this action pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure. ECF No. 41. On December 18, 2024, the Court denied Ms. Kimbrough's motion to substitute without prejudice, and directed Ms. Kimbrough to file a renewed motion by March 18, 2025. See ECF No. 47. On March 18, 2025, Ms. Kimbrough filed a renewed motion to substitute (ECF No. 49) and refiled the motion for attorney's fees (ECF No. 50). After the Court denied Ms. Kimbrough's second motion to substitute without prejudice on May 1, 2026 (ECF No. 56), Ms. Kimbrough refiled the motion to substitute on May 29, 2026. ECF No. 57. For the reasons discussed herein, I respectfully recommend that Ms. Kimbrough's motion to substitute be **GRANTED**. I also recommend that Plaintiff's motion for attorneys' fees

be **GRANTED**, and counsel be awarded the sum of $48,878.50. I further recommend that any such award be paid out of Plaintiff's past-due benefits and, upon receipt of this sum, Plaintiff's counsel be required to refund to Plaintiff the previously awarded Equal Access to Justice Act ("EAJA") fees of $6,900.

## BACKGROUND

On October 25, 2016, Plaintiff filed an application for disability benefits under Title II of the Social Security Act for a disability that began on September 27, 2015. ECF No. 19 at 17. On May 2, 2019, Plaintiff's application was denied following a hearing before an Administrative Law Judge ("ALJ"). Id. at 17-27. On May 2, 2019, Plaintiff filed a request for review with the Appeals Council, and her request was denied on June 19, 2020. Id. at 5. The denial made the ALJ's decision a "final decision" of the Commissioner that was eligible for judicial review pursuant to 42 U.S.C. § 405(b).

On August 24, 2020, Plaintiff filed a complaint for an award of benefits or a remand to the Social Security Administration for further administrative proceedings pursuant to 42 U.S.C. § 406(g). ECF No. 1 at ¶¶ 1, 11. On March 14, 2022, the Honorable Debra C. Freeman recommended that Plaintiff's motion for judgment on the pleadings be granted. See ECF No. 28. On March 29, 2022, the Honorable Analisa Torres adopted the report and recommendation and remanded the matter to the Social Security Administration for further proceedings. ECF No. 37. On May 18, 2022, the parties filed a proposed stipulation awarding Plaintiff $6,900 in fees under the EAJA, which Judge Torres endorsed the next day. See ECF Nos. 39, 40.

On February 23, 2023, Plaintiff passed away. ECF No. 51 at ¶ 12; ECF No. 51-4 at 2. On March 17, 2023, Ms. Kimbrough submitted to the Social Security Administration a "Notice Regarding Substitution of Party Upon Death of Claimant." ECF No. 51-5 at 2. Ms. Kimbrough

subsequently was substituted for the Plaintiff for the remainder of the administrative proceedings before the Social Security Administration. ECF No. 51 at ¶ 12; ECF No. 51-6 at 5.

On January 30, 2024, following a hearing, an ALJ issued a Notice of Decision finding Plaintiff disabled and entitled to benefits. ECF No. 51 at ¶ 13; ECF No. 51-6 at 2. In a Notice of Award dated March 10, 2024, the Commissioner set forth the benefits payable to Ms. Kimbrough on behalf of Plaintiff, awarding Ms. Kimbrough past-due disability benefits in the amount of $195,514. ECF No. 51 at ¶ 14; ECF No. 51-7 at 4. The Commissioner noted that the Social Security Administration had withheld 25% of this total—$48,878.50—for Plaintiff's attorneys' fees. ECF No. 51 at ¶ 15; ECF No. 51-7 at 6.

On April 4, 2024, Ms. Kimbrough filed in this Court a Suggestion of Death Upon the Record under Rule 25(a)(1) and a motion for substitution, attaching a copy of Plaintiff's death certificate and the administrative substitution form submitted to the Social Security Administration. See ECF No. 41. On April 5, 2024, Ms. Kimbrough filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b). See ECF Nos. 42-44. By order dated December 18, 2024, the undersigned denied Ms. Kimbrough's motion to substitute without prejudice and directed Ms. Kimbrough to refile by March 18, 2025. ECF No. 47. On March 18, 2025, Ms. Kimbrough refiled the motion to substitute and the motion for attorney's fees pursuant to 42 U.S.C. § 406(b). ECF Nos. 49-52. On May 1, 2026, the Court denied Ms. Kimbrough's refiled motion to substitute because Ms. Kimbrough had failed to establish that she was the representative of Plaintiff's estate or the successor to Plaintiff. ECF No. 56. Ms. Kimbrough filed a third motion to substitute on May 29, 2026. ECF No. 57.

In support of the motion for attorney's fees, Plaintiff's counsel submitted a copy of the Attorney Fee Agreement, a letter to the SSA attaching counsel's timesheets for this matter, an

executed stipulation of EAJA fees awarded to counsel from the instant proceeding, Plaintiff's death certificate, the Notice of Substitution of Party Upon Death of Claimant from the administrative proceedings, the ALJ's written decision awarding benefits, the Commissioner's Notice of Award, and an e-mail from the SSA delivering the Notice of Award to counsel. ECF No. 51. Plaintiff's counsel acknowledges that, if they are awarded fees in excess of the previous EAJA award, Plaintiff will be refunded the previously approved EAJA fees. ECF No. 52 at 5 n.1. The Attorney Fee Agreement, which is signed by Plaintiff, provides that counsel could move before the federal court to obtain "25 (twenty-five) percent of the past-due benefits resulting from [plaintiff's] claim or claims (which [plaintiff] understand[s] may exceed $500.00 per hour)." ECF No. 51-2 at 5.

The Commissioner "neither supports nor opposes counsel's request for attorney's fees under 42 U.S.C. § 406(b)." ECF No. 46 at 1. However, the Commissioner askes that if the Court authorizes a § 406(b) award, the Court's order "indicate the amount of any section 406(b) award it authorizes but decline to include language directing that the Commissioner 'pay' the award." Id. at 2.[1] Similarly, the Commissioner "neither supports nor opposes the motion to substitute party," but defers to the Court as to "whether Ms. Kimbrough provided enough information to permit the court to determine whether Ms. Kimbrough is the proper party for substitution." ECF No. 53 at 5.

[1] As the Commissioner explains, the "fee authorization by the Court is separate and distinct from the Commissioner's withholding and direct payment obligations." See ECF No. 46 at 2 (citing Dobson v. Comm'r of Soc. Sec., No. 09-CV-1460 (KJN), 2013 WL 6198185, at *4 (E.D. Cal. Nov. 27, 2013) ("[T]he amount of fees that may be awarded to plaintiff's counsel and the amount that the Commissioner withholds and pays directly to plaintiff's counsel are two independent calculations.")).

## LEGAL STANDARD

A. Motion to Substitute

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). As is plain from the rule, "a motion for substitution must be made within 90 days after the service of a statement noting the death." Chassman v. Zerihun, No. 15-CV-4869 (GHW), 2017 WL 892346, at *2 (S.D.N.Y. Mar. 6, 2017). In addition to being timely, to obtain substitution under Rule 25(a)(1), "the claims must survive the decedent's death" and "the party sought to be substituted for the decedent must be a proper party." Biatiu v. Specialized Loan Servicing LLC, No. 19-CV-822 (RA), 2019 WL 5448702, at *1 (S.D.N.Y. Oct. 24, 2019) (citation and internal quotation marks omitted); Honeedew Investing LLC v. Abadi, No. 19-CV-8951 (JPC) (VF), 2024 WL 3409026, at *1 (S.D.N.Y. July 15, 2024) (same). Under Rule 25, a proper party for substitution "is either (1) a successor of the deceased party—a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party—a person lawfully designated by state authority to represent the deceased's estate." Herrera-Castro v. Trabajamos Cmty. Head Start, Inc., No. 15-CV-9286 (HBP), 2017 WL 549584, at *1 (S.D.N.Y. Jan. 30, 2017) (citation and internal quotation marks omitted). "[I]t is within the Court's discretion to grant the motion" for substitution if the motion is timely, the claims survive the decedent's death, and the party sought to be substituted is a proper party. Biatiu, 2019 WL 5448702, at *1.

B. Attorney's Fees

Section 406(b) of the Social Security Act states that when a disability claimant succeeds in federal court, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). "[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." Fields v. Kijakazi, 24 F.4th 845, 852-53 (2d Cir. 2022) (citation omitted); see also Gisbrecht v. Barnhart, 535 U.S. 789, 807-08 (2002) (explaining that "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results"). "When conducting its analysis, the court's primary inquiry should be on the reasonableness of the contingency agreement in the context of the particular case and not merely to rubber stamp the contingent fee agreement." Caraballo v. Comm'r of Soc. Sec., No. 17-CV-7205 (NSR) (LMS), 2021 WL 4949217, at *2 (S.D.N.Y. Oct. 22, 2021).

To assess the reasonableness of a contingency fee, a court must first "determine whether the contingency percentage is within the 25% cap and . . . whether there has been fraud or overreaching in making the agreement." Fields, 24 F.4th at 853 (internal quotation marks and citation omitted). A court must then consider the following factors to determine the reasonableness of a requested award: (1) whether the requested fee is out of line with the "character of the representation and the results the representative achieved," (2) whether "the attorney is responsible for delay, lest the attorney profit from the accumulation of benefits during a delay that the attorney caused," and (3) "if the benefits are large in comparison to the amount of time counsel spent on the case, the so-called windfall factor." Id. (internal quotation marks,

alteration and citation omitted); see also Valle v. Colvin, No. 13-CV-2876 (JPO), 2019 WL 2118841, at *2 (S.D.N.Y. May 15, 2019) (citing Blizzard v. Astrue, 496 F. Supp. 2d 320, 322 (S.D.N.Y. 2007)).

## DISCUSSION

### A. Motion to Substitute

#### 1. *Timeliness of Plaintiff's Motion*

To trigger the 90-day period, the statement of death must be formally served on the relevant parties. See Perlow v. Comm'r of Soc. Sec., No. 10-CV-1661 (SLT), 2010 WL 4699871, at *1 (E.D.N.Y. Nov. 10, 2010). On April 4, 2024, Ms. Kimbrough filed a Suggestion of Death Upon the Record under Rule 25(a)(1), along with a motion requesting substitution. See ECF No. 41. Because the motion for substitution was filed contemporaneously with the notice of death, the motion is timely. Perlow, 2010 WL 4699871, at *1 (concluding that motion for substitution was timely were death certificate and motion were contemporaneously filed). Although Ms. Kimbrough had to refile the motion twice, each time the Court extended Plaintiff's time to file the motion in order to permit her to submit additional supporting documentation. See ECF No. 47 at 8 n.3; ECF No. 56 at 5 n.2; see also Shapiro v. U.S., No. 07-CV-161 (PKL), 2008 WL 4302614, at *1 n.1 (S.D.N.Y. Sept. 17, 2008) (denying motion for substitution with leave to renew and granting an additional 90 days to file renewed motion, where initial motion was timely made). Thus, the motion is timely.

#### 2. *Survival of Plaintiff's claims*

A party can be substituted only when the plaintiff's claim has "not [been] extinguished" by death. Fed. R. Civ. P. 25(a)(1). To determine whether a plaintiff's claim survives the plaintiff's death, courts look "first to whether the statute under which plaintiff is suing contains a

'specific directive' regarding the survival of plaintiffs' claim in the event of the claimant's death." Worrell v. Colvin, No. 12-CV-3386 (ENV), 2013 WL 3364373, at *1 (E.D.N.Y. July 3, 2013) (quoting Perlow, 2010 WL 4699871, at *1). The Social Security Act expressly provides for payment to survivors or heirs, including the parent of a claimant, when the claimant dies before any past-due benefit is paid. See 42 U.S.C. § 404(d). Therefore, Plaintiff's claim for past-due benefits survives her death. See Perlow, 2010 WL 4699871, at *1 (concluding that claim for unpaid social security benefits survived claimant's death).

3. *Proposed party for substitution*

A "proper party" for substitution may be either "'a representative of the deceased party's estate' or a 'successor of the deceased party.'" Adler v. Bank of America, N.A., No. 13-CV-4866 (VB), 2015 WL 2330171, at *2 (S.D.N.Y. Mar. 24, 2015) (quoting Garcia v. City of N.Y., No. 08-CV-2152 (RRM) (MDG), 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009)). Courts typically look to state law to determine whether a person is a proper "successor or representative" of the decedent. See Garcia, 2009 WL 261365, at *1 ("Whether a person is a proper 'successor or representative' of the decedent is determined by New York law."). A representative is a person "lawfully designated by state authority to represent the deceased's estate." Roe v. City of N.Y., No. 00-CV-9062 (RWS), 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003) (internal citation and quotation marks omitted). "Under New York law, a 'representative is a person who has received letters to administer the estate of a decedent.'" Thomas v. Ortiz, No. 14-CV-7513 (ARR) (JLC), 2024 WL 2816000, at *2 (E.D.N.Y. June 3, 2024) (quoting N.Y. Est. Powers and Trusts § 1-2.13). A representative is "usually the appointed administrator or executor of the decedent's estate." Greis v. Comm'r of Soc. Sec., No. 19-CV-815, 2019 WL 6211088, at *1 (W.D.N.Y. Nov. 21, 2019). A successor is a distributee of the decedent's estate where the estate

has been distributed, without being filed for probate, at the time the motion for substitution is made. See Garcia, 2009 WL 261365, at *1. However, "where the plaintiff die[s] destitute, a party who is seeking substitution as a successor and who is not also a representative of the plaintiff's estate need not show that the estate has been distributed before serving as a substitute, as there would not be any estate to distribute." Herrera-Castro, 2017 WL 549584, at *1 (internal citation omitted).

Here, Ms. Kimbrough has demonstrated that she is the proper party to be substituted for Plaintiff. In support of her motion, Ms. Kimbrough submitted Plaintiff's death certificate (ECF No. 57-1), and her affidavit (ECF No. 57-2). The death certificate is sufficient to show that Plaintiff is deceased, that Plaintiff is not survived by a spouse, and that Ms. Kimbrough is Plaintiff's mother. See ECF No. 57-1 at 2; Cielesz v. Kijakazi, No. 23-CV-115, 2023 WL 11841468, at *2 (D. Conn. Mar. 1, 2023) (finding that the submission of a death certificate establishes that the proposed substituting party is claimant's mother and that he was not survived by a spouse). Additionally, Ms. Kimbrough's sworn affidavit, dated May 28, 2026, states that she is the mother of Plaintiff who died intestate on February 23, 2023 (ECF No. 57-2 at ¶ 1), Plaintiff was never married and not survived by any spouse or issue (id. at ¶ 3), Plaintiff died without any assets and without outstanding debt such that there was no requirement that Plaintiff's estate be probated (id. at ¶ 4), and that Ms. Kimbrough would be the sole distributee of Plaintiff's estate if there were any assets to distribute (id. at ¶ 5).

Ms. Kimbrough's sworn affidavit is sufficient to establish that Ms. Kimbrough is the successor of Plaintiff's estate. See, e.g., Walsh v. Comm'r of Soc. Sec., No. 17-CV-5465 (WFK), 2022 WL 4079588, at *4 (E.D.N.Y. Sept. 6, 2022) (granting substitution motion where attorney affidavit stated that "Plaintiff died intestate and left no assets"); Thomas, 2024 WL 2816000, at

*2 (granting motion to substitute where parents of plaintiff "established that [plaintiff] died intestate with no spouse and no children" and plaintiff "died without any assets and has no outstanding debts" so there was "no requirement that his estate be probated"). Thus, I recommend that Ms. Kimbrough's motion to substitute as the Plaintiff in this action be **GRANTED**.

B. Attorney's Fees[2]

Plaintiff seeks a fee award of $48,878.50, or 25% of Plaintiff's total award of $195,514, based on the contingency fee agreement between Plaintiff and counsel that permitted counsel to receive 25% of past-due benefits awarded to Plaintiff if successful on her claims. See ECF No. 52. For the reasons explained below, I recommend approval of the fee award.

First, the $48,878.50 contingency fee requested is equivalent to the 25% statutory cap, see 42 U.S.C. § 406(b)(1)(A), and there is no evidence of fraud or overreaching in the negotiation of the Attorney Fee Agreement. See ECF No. 51-1; see e.g., Hennelly v. Kijakazi, No. 20-CV-4786 (JGK), 2023 WL 3816961, at *2 (S.D.N.Y. June 5, 2023) (finding that absence of evidence of fraud or overreaching is sufficient to satisfy this threshold inquiry); Casiano v. Kijakazi, No. 19-CV-9732 (JGK), 2023 WL 3760941, at *2 (S.D.N.Y. June 1, 2023) (same).

Second, the requested fee is in line with the "character of the representation and the results the representation achieved." Valle, 2019 WL 2118841, at *2 (citation omitted). Here, counsel litigated this matter to a successful result for Plaintiff, with the Court granting Plaintiff's motion for judgment on the pleadings, and the SSA granting Plaintiff an award of $195,514 in past-due benefits. ECF No. 52 at 3; ECF No. 51-6 (notice of favorable decision); ECF No. 51-7

[2] For ease of reference, in this section, Plaintiff is used to refer to both Thomasina Kimbrough and Ora Kimbrough.

(notice of award). "Plaintiff's counsel was successful in achieving an award of benefits and nothing in the record suggests any flaw in the character of the representation." Jones v. Comm'r of Soc. Sec., No. 21-CV-4156 (SDA), 2023 WL 7042641, at *1 (S.D.N.Y. Oct. 26, 2023).

Third, there is no indication in the record of any purposeful delay created by counsel for the purpose of increasing the total benefits award. Brockington v. Comm'r of Soc. Sec., No. 21-CV-2178 (LGS) (VF), 2024 WL 3639219, at *3 (S.D.N.Y. June 28, 2024), adopted by, 2024 WL 3639192 (S.D.N.Y. Aug. 2, 2024). Counsel only requested one 60-day extension of time in this federal action for filing the motion for judgment on the pleadings, and counsel did so because they were awaiting a response from the Commissioner regarding their position on a remand. ECF No. 21; Rivera v. Comm'r of Soc. Sec., No. 20-CV-8444 (AEK), 2024 WL 4764481, at *3 (S.D.N.Y. Nov. 13, 2024) ("Though [plaintiff's counsel] did request one 60-day extension of time to file Plaintiff's motion for judgment on the pleadings, he provided a valid justification for the application [ ], and there is no reason to believe that the extension was due to any lack of diligence.") (internal citation omitted).

The only remaining question is whether an award of $48,878.50 would be a windfall to counsel. Stated differently, the question is whether the benefits to be awarded to counsel are "large in comparison to the amount of time [counsel] spent on the case." Gokey v. Berryhill, No. 18-CV-658 (RA), 2021 WL 5014576, at *2 (S.D.N.Y. Oct. 27, 2021) (internal quotation marks and citation omitted). In assessing whether there is a windfall, "courts must consider more than the de facto hourly rate," because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." Fields, 24 F.4th at 854. Specifically, courts should consider (1) "the ability and expertise of the lawyers and whether they were particularly efficient"; (2) "the nature and length of the professional relationship with

the claimant —including any representation at the agency level"; (3) "the satisfaction of the disabled claimant"; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." Id. at 854-55. In addition, "courts in this Circuit have generally refrained from finding a windfall based on the resulting hourly rate when the contingent fee falls within the 25 percent boundary." Rowell v. Astrue, No. 05-CV-1592 (CBA) (JMA), 2008 WL 2901602, at *5 (E.D.N.Y. July 28, 2008). Considering these factors, for the reasons explained below, there is no evidence of a windfall here.

Counsel represented Plaintiff in federal court. ECF No. 51 at ¶¶ 1-2. Counsel did not represent Plaintiff in her original social security administrative proceeding or once the social security proceeding was remanded. See id. at ¶ 2 (establishing that counsel was retained in August 2020, after Plaintiff's first social security administrative proceeding); ECF No. 51-6 at 4-5 (showing that Plaintiff was represented by Christopher Latham of Paternack Tilker Ziegler Walsh during the remanded administrative proceeding). Counsel's firm performed 35.5 hours of work in this case, of which 31.7 hours was attorney time and 3.8 hours was for paralegal work. See ECF No. 51-2 at 3-4. Counsel suggests a reasonable and established rate of $100 per hour for work performed by paralegals. See id.; Brockington, 2024 WL 3639219, at *3; see also Benevento v. Berryhill, No. 17-CV-7564 (FB), 2021 WL 3112678, at *1 (E.D.N.Y. July 22, 2021) (stating that $100 per hour for paralegal work is reasonable). Given an hourly rate of $100 for the 3.8 hours of paralegal work, the de facto hourly rate for the 31.7 hours of work performed by the attorneys is $1,529.92.

1. *Counsel's ability and expertise*

Counsel submitted billing records which show that Daniel Osborn and one other attorney, Lindsay M. Trust, performed work on this case. ECF No. 51-2 at 3-4. Together, they provided 31.7 hours of legal services: Osborn billed 3.5 hours, and Trust billed 28.2 hours. See id.

In his declaration, Osborn did not provide details about his experience or that of his colleague. See ECF No. 51. However, courts in this District have recognized Osborn's experience in litigating social security matters. See Breland v. Comm'r of Soc. Sec., No. 20-CV-5576 (ER) (SDA), 2023 WL 3659620, at *4 (S.D.N.Y. Apr. 16, 2023) ("Here, from the Court's own experience, Attorney Osborn certainly possesses the requisite ability and expertise in this field."). Ms. Trust's experience in social security appeals has also been recognized. See Ricciardi v. Comm'r of Soc. Sec., No. 19-CV-3304 (MKB), 2022 WL 1597401, at *4 (E.D.N.Y. May 19, 2022) (stating that Trust has represented "hundreds of [social security] claimants" in federal court). Courts in this District have also acknowledged the broad experience possessed by other attorneys at Osborn's law firm. See Fortuna v. Comm'r of Soc. Sec., No. 19-CV-11066 (JCM), 2022 WL 17850890, at *3 (S.D.N.Y. Dec. 22, 2022) ("Osborn Law has recent experience representing social security claimants in other federal court proceedings in this Circuit.") (collecting cases). Moreover, the 31.7 hours spent by counsel in reviewing the administrative record, preparing the memorandum of law in support of judgment on the pleadings, and drafting a reply brief in further support of the motion is consistent with the amount of hours typically approved by courts in this Circuit for the type of work performed here. See Madigan v. Kijakazi, No. 19-CV-5725 (AEK), 2023 WL 4348524, at *4 (S.D.N.Y. July 5, 2023) ("Courts within the Second Circuit generally and routinely endorse 20-40 hours of work performed by counsel in Social Security disability cases."); Bass v. Kijakazi, No. 16-CV-6721 (JCM), 2022 WL 1567700,

at *4 (S.D.N.Y. May 18, 2022) (finding 24 hours reasonable for firm who represented plaintiff solely for appeal in federal court).

In addition, Plaintiff's counsel spent 31.7 hours to successfully obtain a large recovery of past-due benefits for Plaintiff. The $1,529.67 de facto hourly rate "must be viewed in this context" since "[i]t would be foolish to punish a firm for its efficiency and thereby encourage inefficiency." See Fields, 24 F.4th at 854. That amount of time includes the time spent reviewing the 347-page administrative record, conducting legal research, drafting the 17-page opening memorandum of law, and preparing a brief reply to the Commissioner's memorandum of law. See ECF Nos. 19, 24. This is an efficient use of time, and although the de facto hourly rate is high, "that number is the product of competent and efficient advocacy, which should not be held against counsel in their request for fees." Valle, 2019 WL 2118841, at *3; see also Gokey, 2021 WL 5014576, at *2-3 (concluding that 34.9 hours was reasonable where counsel only represented plaintiff in federal proceeding). Therefore, this first factor weighs in favor of the fee request.

2. *The nature and length of counsel's relationship with Plaintiff*

Counsel represented Plaintiff in this federal proceeding which commenced in 2020. See ECF No. 51 at ¶ 2; ECF No. 51-6 at 4-5. Courts have found that a multi-year relationship is sufficient to approve a higher de facto hourly rate. See Pierce v. Comm'r of Soc. Sec., No. 23-CV-2481 (KHP), 2026 WL 121790, at *3 (S.D.N.Y. Jan. 16, 2026) (finding this factor weighed in favor of fee request where counsel represented plaintiff for "almost two and a half years," although counsel did not represent plaintiff in administrative proceeding); Ricciardi, 2022 WL 1597401, at *4 (finding this factor weighed in favor of the fee request and approving de facto hourly rate of $1,528.56 for 25.7 hours of work where Osborn Law represented plaintiff "during

a seven-month period" in federal court and "did not represent [p]laintiff at the agency level"); Hennelly, 2023 WL 3816961, at *2-3 (approving de facto hourly rate of $1,705.16 for 31.9 hours of work to file the memorandum of law in the federal case); Gentile v. Kijakazi, No. 21-CV-641 (AMD), 2023 WL 6392905, at *2 (E.D.N.Y. May 3, 2023) (approving $1,750 de facto hourly rate for 16.1 hours of work at the federal level where the parties stipulated to remand before briefing); Thomas v. Comm'r of the Soc. Sec. Admin., No. 22-CV-3322 (PKC), 2026 WL 873015, at *4 (E.D.N.Y. Mar. 30, 2026) (reducing de facto rate from $1,551.35 to $1,500 where Osborn Law performed 23.5 hours of work at the federal level, finding a downward adjustment necessary because the parties stipulated to remand the case). This factor also weighs in favor of the fee request.

3. *Plaintiff's satisfaction with counsel's representation*

Third, counsel achieved a favorable outcome for Plaintiff, with an award of $195,514 in past-due benefits and monthly benefits through December 2022. See ECF No. 51-7 at 2-3. Plaintiff clearly received a favorable result due to counsel's efforts, as Plaintiff was awarded benefits for almost the entirety of the alleged period of disability. See id. (awarding back benefits from November 2015 to December 2022 on a disability originally alleged to have begun on May 19, 2015). This factor, too, weighs in favor of the fee request. See, e.g., Fields, 24 F.4th at 855 (explaining that claimant achieved a favorable decision from the SSA in the form of a six-figure award of past-due benefits as well as ongoing monthly benefit, supporting a de facto hourly rate of $1,556.98 and finding no windfall).

4. *The uncertainty of Plaintiff's case*

In contingency-fee cases such as this one, "payment . . . is inevitably uncertain, and any reasonable fee award must take account of that risk," which is borne by the attorney. Velez v.

Comm'r of Soc. Sec., No. 18-CV-9754 (AEK), 2021 WL 2310517, at *4 (S.D.N.Y. June 7, 2021) (quoting Nieves v. Colon, No. 13-CV-1439 (WHP) (GWG), 2017 WL 6596613, at *2 (S.D.N.Y. Dec. 26, 2017)) (alterations in original); see also Devenish v. Astrue, 85 F. Supp. 3d 634, 638 (E.D.N.Y. 2015) (collecting cases); Warren v. Astrue, No. 06-CV-2933 (CBA), 2011 WL 5402493, at *2 (E.D.N.Y. Nov. 7, 2011) ("[A]lthough $25,000.00 is a substantial sum for 38 hours of work, it does not constitute a windfall when balanced against the excellent result counsel obtained and the risk of loss inherent in the retainer's contingency arrangement."). Plaintiff and counsel signed the retainer agreement on August 19, 2020. See ECF No. 51-1 at 3. When counsel took on Plaintiff's case, there was no guarantee that they would be paid for their work, because an award of past-due benefits was not a certainty. "Further, given that Plaintiff did not secure a remand until the issues were fully briefed before this Court, it is apparent that a favorable outcome was uncertain." Laden v. Comm'r of Soc. Sec., No. 17-CV-10050 (NSR) (AEK), 2022 WL 17828488, at *5 (S.D.N.Y. Nov. 3, 2022), adopted by, 2022 WL 17414356 (S.D.N.Y. Dec. 5, 2022). Clearly, this is not a case "where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery." Fields, 24 F.4th at 856. The amount sought here thus appropriately reflects the risk borne by counsel and, consequently, this factor also weighs in favor of the fee request.

In short, all four factors weigh in favor of the fee request, and I therefore recommend approval of the fee award. See, e.g., Pierce, 2026 WL 121790, at *2 (approving de facto hourly rate of $2,000 where counsel only represented plaintiff during the federal proceedings); Bay v. Comm'r of Soc. Sec., No. 20-CV-9774 (RWL), 2025 WL 437698, at *1 (S.D.N.Y. Feb. 6, 2025) (approving de facto hourly rate of $1,861); Mannouris v. Comm'r of Soc. Sec., No. 20-CV-9790 (AT) (BCM), 2023 WL 9118792, at *3 (S.D.N.Y. Dec. 22, 2023), adopted by, 2024 WL 81851

(S.D.N.Y. Jan. 8, 2024) (approving de facto hourly rate of $1,918 where case was remanded before counsel filed a brief and counsel did not represent claimant at administrative level); Timothy G. v. Comm'r of Soc. Sec., No. 18-CV-9235 (BCM), 2025 WL 486774, at *6 (S.D.N.Y. Feb. 12, 2025) (reducing de facto hourly rate from $2,000 to $1,500 where counsel represented plaintiff only in federal action).

Moreover, although a fee award "may be made under both the EAJA and § 406(b)," the claimant's attorney "must refund to the claimant the amount of the smaller fee." Guzman v. Comm'r of Soc. Sec., No. 15-CV-3920 (VB) (LMS), 2019 WL 4935041, at *3 (S.D.N.Y. Aug. 1, 2019) (quoting Gisbrecht, 535 U.S. at 796) (cleaned up). Courts in this District have thus mandated that attorneys who obtain fees under both statutes "return the amount of such EAJA award to plaintiff out of the payment received under Section 406(b)." Id., (quoting Jackson v. Astrue, No. 09-CV-1290 (FB), 2011 WL 1868718, at *2 (E.D.N.Y. May 16, 2011)). I thus recommend that counsel be required to refund to Plaintiff the amount of $6,900 previously awarded under the EAJA. See ECF No. 40.

## CONCLUSION

For the reasons discussed herein, I recommend that Ora Kimbrough's motion to substitute herself as Plaintiff in this action be **GRANTED.** I further recommend that Plaintiff's motion for attorneys' fees be **GRANTED**, and counsel be awarded the sum of $48,878.50. Finally, I recommend that any award should be paid out of Plaintiff's past-due benefits and, upon receipt of this sum, counsel should be required to refund the previously awarded EAJA fees of $6,900 to Plaintiff.

**SO ORDERED.**

DATED: New York, New York
July 27, 2026

VALERIE FIGUEREDO
United States Magistrate Judge

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

**Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), 6(b), 6(d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court. Any request for an extension of time to file objections or responses must be directed to the Honorable Analisa Torres. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a), 6(b), 6(d); Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).**